**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 16-4491**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

FRANKLIN SANKEY BLAKE,

Defendant - Appellant.

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro.  N. Carlton Tilley, Jr., Senior District Judge.  (1:15-cr-00245-NCT-1)

Submitted:  July 20, 2017                                                Decided:  July 24, 2017

Before DUNCAN and WYNN, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Louis C. Allen, Federal Public Defender, John A. Duberstein, Assistant Federal Public Defender, Greensboro, North Carolina, for Appellant. Clifton Thomas Barrett, Assistant United States Attorney, Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Franklin Sankey Blake pled guilty to conspiracy to manufacture methamphetamine, in violation of 21 U.S.C. § 846 (2012). He appeals the below-Guidelines 91-month sentence imposed by the district court. Blake's counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), stating that there are no meritorious issues for appeal, but questioning whether the district court erred by failing to find that pseudoephedrine-related Sentencing Guidelines should received reduced deference as a policy matter. Blake was advised of his right to file a pro se supplemental brief but he did not file one. The Government has declined to file a response brief. For the reasons that follow, we affirm.

When reviewing a criminal sentence, we must first ensure that the district court committed no significant procedural error, such as improperly calculating the Guidelines range. *Gall v. United States*, 552 U.S. 38, 51 (2007). We review the district court's factual findings for clear error and its legal conclusions de novo. *United States v. White*, 850 F.3d 667, 674 (4th Cir. 2017). If there is no procedural error, we review the substantive reasonableness of the sentence for abuse of discretion, applying a presumption of reasonableness to a sentence that is within or below the Guidelines range. *United States v. Louthian*, 756 F.3d 295, 306 (4th Cir. 2014).

Counsel for Blake argued unsuccessfully at sentencing that the Guidelines pertaining to pseudoephedrine were overly punitive and not derived from sufficient empirical evidence and that, accordingly, the court should give them less deference than normally accorded Guidelines provisions. While the Guidelines "remain the starting

2

point and the initial benchmark for sentencing," *Beckles v. United States*, 137 S. Ct. 886, 894 (2017) (internal quotation marks omitted), district courts "may in appropriate cases impose a non-Guidelines sentence based on disagreement with the [Sentencing] Commission's views," *Peugh v. United States*, 133 S. Ct. 2072, 2087 (2013) (internal quotation marks omitted; alteration in original). Moreover, "[a]lthough a sentencing court may be entitled to consider policy decisions underlying the Guidelines, including the presence or absence of empirical data, it is under no obligation to do so." *United States v. Rivera-Santana*, 668 F.3d 95, 101 (4th Cir. 2012) (citations omitted). Here, it is clear from the record that the district court understood its authority to vary from the Guidelines range, but declined to do so on the policy basis sought by Blake.

In accordance with *Anders*, we have reviewed the entire record in this case and have found no meritorious issues for appeal. We therefore affirm the district court's judgment. This court requires that counsel inform Blake, in writing, of the right to petition the Supreme Court of the United States for further review. If Blake requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Blake. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*